**FILED**
August 19, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **TENGUNGWOH ASONGAFAC CYRIL,** <br> **Petitioner,** <br> **v.** <br> **WARDEN, SOUTH TEXAS ICE PROCESSING CENTER, *et al.*,** <br> **Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **NO. SA-26-CV-4311-OLG** |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Tengungwoh Asongafac Cyril's second Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 5), and Petitioner has replied (Dkt. No. 6). For the reasons below, the Petition must be denied.

## I. BACKGROUND

Petitioner entered the United States on January 27, 2025, was detained upon entry, and has remained detained since that time pursuant to 8 U.S.C. § 1225(b).[1] *See* Dkt. No. 5-1 at 1. On April 13, 2026, he initiated a habeas action challenging his detention on due process grounds. *See Cyril v. U.S. I.C.E.*, No. 26-CV-2466-OLG (W.D. Tex. 2026). The Court denied his petition on the grounds that, as an arriving alien who has remained continuously detained since his arrival, he does not have a "constitutionally protected liberty interest in residing freely within the United States despite his status as an applicant for admission." *Cyril*, Dkt. No. 12 at 3. Furthermore, to

[1]Although Petitioner was ordered removed on January 23, 2026, *see* Dkt. No. 5-2, his removal proceedings remain ongoing because he timely appealed the removal order to the Board of Immigration Appeals, *see* Dkt. No. 5 at 2, and, thus, it is not yet administratively final. Once the order of removal becomes administratively final, the Government will have 90 days to physically remove Petitioner from the United States, during which time detention is mandatory. *See* 8 U.S.C. § 1231; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

the extent Petitioner's due process claim was based on the duration of his detention, the Court determined that his challenge was unmeritorious because his detention will terminate upon the conclusion of his removal proceedings. *Id.* at 4. On July 8, 2026, Petitioner initiated this second habeas action, wherein he again challenges his continued detention on due process grounds. *See* Dkt. No. 1.

## II. JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g.*, *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 2026 WL 44683, at *1 n.1 (N.D. Tex. Jan. 7, 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025)

(explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate his alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III. DISCUSSION

Petitioner challenges his detention under the Due Process Clause of the Fifth Amendment. As the petitioner, he bears the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243). Petitioner distinguishes this case from his earlier habeas action on the grounds that his continued detention has "become unconstitutional as applied because of its extraordinary duration and the absence of any reasonably definite endpoint." *See* Dkt. No. 1 at 6. The Court disagrees.

As the Court stated in Petitioner's prior habeas proceeding, *Cyril*, Dkt. No. 12 at 4, while there are constitutional limitations on the permissible length of detention for aliens who have a final order of removal, that is because "post-removal-period detention, *unlike detention pending a determination of removability*, has no obvious termination point." *Demore v. Kim*, 538 U.S. 510, 529 (2003) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001)). "Detention during removal proceedings," however, "is a constitutionally permissible part of that process." *Id.* at 530. As such, Petitioner's duration-based claim is without merit.[2]

[2]To the extent Petitioner's due process claim arises under *Zadvydas*, it fails. As the Court recently stated, "the Supreme Court has rejected the use of *Zadvydas*'s reasoning to graft a time limit onto detentions

Petitioner may be frustrated by the length of his detention, but his detention is only ongoing because "he is waiting for a decision on *his* appeal." *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024). Petitioner "has the keys in his pocket and can end his detention immediately by withdrawing his defense and returning to his native land." *Id.* (citation modified).

## IV. CONCLUSION

Based on the foregoing, Petitioner Tengungwoh Asongafac Cyril's second Petition for Writ of Habeas Corpus (Dkt. No. 1) must be and hereby is **DENIED**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on August 19, 2026.

ORLANDO L. GARCIA
United States District Judge

---

under § 1225." *See Cyril*, Text Order dated August 1, 2026 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018)); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (determining that *Zadvydas* "has no direct application to aliens who are detained and being given due process during removal proceedings").